IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CINDY MCNATT, individually and as dependent administrator of Estate of JOSHUA RAY MCNATT, and on behalf of JOHN MCNATT, minor T.R.M, the ESTATE OF JOSHUA RAY MCNATT, and all of JOSHUA RAY MCNATT's heirs-at-law and wrongful death beneficiaries, | § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-00019-LY |
| | § | JURY TRIAL DEMANDED |
| WILLIAMSON COUNTY, TEXAS; BRANDON W. MCBAY; JIMMY D. MOBLEY; and SARA E. PECORILLA, | § § § § | |
| *Defendants*. | § § | |

**DEFENDANTS WILLIAMSON COUNTY, TEXAS', BRANDON W. MCBAY'S, JIMMY D. MOBLEY'S, AND SARA E. PECORILLA'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE UNITED STATES DISTRICT JUDGE:

Defendants Williamson County, Texas, Brandon W. McBay, Jimmy D. Mobley, and Sara E. Pecorilla (collectively, "Defendants") submit their Answer to Plaintiffs' Original Complaint. In support thereof, Defendants respectfully show the Court as follows:

**GENERAL DENIAL**

Defendants respond to the allegations in Plaintiffs' Original Complaint by correspondingly numbered and designated sections. Pursuant to Federal Rule of Civil Procedure 8(b) and for the express purpose of requiring Plaintiffs to meet their burden of

4830833

proof herein, Defendants deny each and every allegation contained in Plaintiffs' Original Complaint except those expressly admitted herein.

## ORIGINAL ANSWER

### I.     Introductory Allegations

#### A.     Parties

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the assertions set forth in Paragraph 1 and, therefore, deny these allegations.

2.     Defendant Williamson County (the "County" or "County Defendant") admits that it is a legal government entity within the boundaries of the United States District Court for the Western District of Texas, Austin Division.  Defendant Williamson County appears and answers and does not contest service in this action. The remainder of the allegations in Paragraph 2 are legal conclusions to which no response is required, and to the extent a response is required, Defendants deny the allegations.

3.     Defendants admit that Brandon McBay ("McBay") was a Corrections Officer with the Williamson County Sheriff's Office at the time of the events forming the basis of this lawsuit, specifically from April 9, 2021, through April 12, 2021.  McBay appears and answers and does not contest service in this action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 3 and, therefore, deny these allegations in their entirety.

4.     Defendants admit that Jimmy D. Mobley ("Mobley") was a Sergeant with the Williamson County Sheriff's Office at the time of the events forming the basis of this

lawsuit, specifically from April 9, 2021, through April 12, 2021.  Mobley appears and answers and does not contest service in this action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 4 and, therefore, deny these allegations in their entirety.

5.      Defendants admit that Sara E. Pecorilla ("Pecorilla") was a Medical Officer with the Williamson County Sheriff's Office at the time of the events forming the basis of this lawsuit, specifically from April 9, 2021, through April 12, 2021.  Pecorilla appears and answers and does not contest service in this action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 5 and, therefore, deny these allegations in their entirety.

B.      <u>Jurisdiction and Venue</u>

6.      Defendants do not contest that this Court has jurisdiction over the subject matter of the claims alleged in Plaintiffs' Original Complaint.

7.      Defendants do not contest that this Court has personal jurisdiction over the parties.

8.      Defendants do not contest that this Court is the proper venue to hear this lawsuit.

II.      <b>FACTUAL ALLEGATIONS</b>

1.      <u>Introduction</u>

9.      Paragraph 9 contains miscellaneous statements to which no response is required.  It is not a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim," or a "demand for the relief sought," as required

3

by Rule 8(a) of the Federal Rules of Civil Procedure.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 9 and, therefore, deny these allegations in their entirety.

B. <u>Josh's Predictable Suicide in the County Jail</u>

10. Defendants deny the allegations set forth in Paragraph 10.

11. Defendants admit that decedent Joshua McNatt ("Decedent") had a history of mental health issues.  Defendants deny liability and/or are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 11 and, therefore, deny these allegations in their entirety.

1. <u>Josh's Prior Jail Incarcerations</u>

12. Defendants admit that decedent Joshua McNatt ("Decedent") had a history of mental health issues.  Defendants deny liability and/or are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 12 and, therefore, deny these allegations in their entirety.

13. Defendants admit that Decedent was booked into the Williamson County jail on August 14, 2001.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 13 and, therefore, deny these allegations in their entirety.

14. Defendants admit that Decedent was booked into the Williamson County jail on May 7, 2002.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as set forth in Paragraph 14 and, therefore, deny these allegations in their entirety.

15.     Defendants admit that Decedent was booked into the Williamson County jail on August 6, 2002, March 7, 2003, and March 14, 2003.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 15 and, therefore, deny these allegations in their entirety.

16.     Defendants admit that Decedent was booked into the Williamson County jail on March 16, 2004.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 16 and, therefore, deny these allegations in their entirety.

17.     Defendants admit that Decedent was booked into the Williamson County jail on August 5, 2005.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 17 and, therefore, deny these allegations in their entirety.

2.     Josh's Incarceration Concluding in his Death

18.     Defendants admit that Decedent received a medical intake evaluation and a suicide assessment on April 9, 2021, and a MHMR assessment on April 12, 2021.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 18 and, therefore, deny these allegations in their entirety.

19.     Defendants admit that a magistrate signed an Order for Texas C.C.P. Article 16.22 Assessment on April 9, 2021, addressed to Bluebonnet Trails Community Services ("Bluebonnet Trails") ordering the assessment of Joshua Ray McNatt to determine if he has a mental illness or is a person with an intellectual disability.  The Order states the assessment should be submitted to the magistrate within 96 hours.  The MHMR assessment by Bluebonnet Trails was conducted on April 12, 2021, which was within the 96-hour requirement.  Defendants also admit that the assessment indicated Joshua McNatt was to continue on observations and MHMR hold.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in their entirety in Paragraph 19.

20.     Defendants admit that Decedent received a medical intake evaluation and a suicide assessment on April 9, 2021, which reported some mental illnesses, other health conditions, and drug and alcohol use and/or issues.  Defendants also admit the Williamson County Magistrate's Information form lists mental health issues and a domestic violence risk assessment for the Decedent.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 20 and, therefore, deny these allegations in their entirety.

21.     Defendants admit that Williamson County Medical Supervisor Lieutenant Douglas Wheless drafted a document entitled Timeline for Medical Issues Regarding Inmate Joshua McNatt ("Timeline") which indicated that the Decedent has been medically cleared at St. David's Georgetown Hospital for elbow complaints.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations as set forth in Paragraph 21 and, therefore, deny these allegations in their entirety.

22.     Defendants admit that the Timeline also listed several psychotropic medications Decedent reported during intake as prescribed to him, including Cymbalta, Zyprexa, and Trazadone.  Defendants also admit that the Timeline indicates a mental health assessment was ordered to be conducted within 96 hours, and Decedent was administered a 25 mg injection of Librium for anxiety and prescribed 25 mg Librium three times daily for anxiety and possible detoxification from his drug use.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 22 and, therefore, deny these allegations in their entirety.

23.     Paragraph 23 contains statements to which no response is required. To the extent a response is required, Defendants admit the Timeline indicates the statements set forth in Paragraph 23.

24.     Defendants admit the Timeline indicates that, on April 12, 2021, Decedent was moved from the south jail cell B3-4 to B9L-1 due to him making threatening statements to officers and saying that he would "go off" on others in his tank if he didn't get his medications.  Defendants also admit that Decedent was evaluated by the MHMR representative, Naomi Padilla, on this date, who recommended Decedent remain on suicide watch, and after his evaluation by MHMR, he was returned to his cell.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder

of the allegations as set forth in Paragraph 24 and, therefore, deny these allegations in their entirety.

25.     Defendants admit that, on April 12, 2021, Naomi Padilla completed the Bluebonnet Trails Community Services Court-Ordered Assessment, which shows it was electronically signed at 11:15 PM on April 12, 2021.  Defendants also admit the form indicates Decedent stated he doesn't know if he is having SI [suicidal ideations] but feels angry and Decedent was determined to have a mental illness or to be a person with an intellectual disability within the last year.  The form also indicates Decedent's current diagnosis as bipolar disorder and substance use disorder.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 25 and, therefore, deny these allegations in their entirety.

26.     Paragraph 26 contains statements to which no response is required.  To the extent a response is required, Defendants admit that the narrative described in the assessment, excluding Plaintiffs' commentary, is accurate for the most part but are without knowledge or information sufficient to form a belief as to the truth of the remainder of the statements as set forth in Paragraph 26 and, therefore, deny these allegations in their entirety.

27.     Paragraph 27 contains statements to which no response is required.  To the extent a response is required, Defendants admit the information described in Paragraph 27.

28.     Paragraph 28 contains statements to which no response is required.  To the extent a response is required, Defendants deny the truth of the statements set forth in Paragraph 28 in their entirety.

29.     Defendants admit that a cell check on Decedent's cell was conducted at 13:19:59 on April 12, 2021.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 29 and, therefore, deny these allegations in their entirety.

30.     Defendants admit the Timeline states that at 1413 hours, although Decedent was on a suicide watch, he was found hanging in the cell by jail staff.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 30 and, therefore, deny these allegations in their entirety.

31.     Defendants admit that the Williamson County Sheriff's Office investigated Decedent's death.  Defendants also admit that Decedent was transported by EMS to Ascension Seton Williamson Medical Center on April 12, 2021, where he ultimately passed away.  Defendants further admit that Decedent was released from Williamson County Sheriff's Office custody on April 14, 2021.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 31 and, therefore, deny these allegations in their entirety.

3.     <u>Witness Statements</u>

32.     Paragraph 32 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations as set forth in Paragraph 32 and, therefore, deny these allegations in their entirety.

### a.   Barnett, Ronald – Medical Sergeant

33.     Defendants admit Medical Sergeant Ronald Barnett provided a statement related to the events forming the basis of this lawsuit.

### b.   Bradburn, Michael – Jailer

34.     Defendants admit Corrections Officer Michael Bradburn provided a statement related to the events forming the basis of this lawsuit.

### c.   Braune, Austin - Jailer

35.     Defendants admit Corrections Officer Austin Braune provided a statement related to the events forming the basis of this lawsuit.

### d.   Brumleve, Michael - Lieutenant

36.     Defendants admit Lieutenant Michael Brumleve provided a statement related to the events forming the basis of this lawsuit.

### e.   Forehand, Rex – Medical Officer

37.     Defendants admit Medical Officer Rex Forehand provided a statement related to the events forming the basis of this lawsuit.

### f.   Frank, John – Property Officer

38.     Defendants admit Officer John Frank provided a statement related to the events forming the basis of this lawsuit.

g.      McBay, Brandon - Jailer

39.      Defendants admit former Corrections Officer Brandon McBay provided a statement related to the events forming the basis of this lawsuit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 39 and, therefore, deny these allegations in their entirety.

40.      Defendants admit that former Officer Brandon McBay's statement stated "I did not give Inmate McNatt his sheet, blanket, or towel until he was cleared from MHMR and not put onto constant watch."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 40 and, therefore, deny these allegations in their entirety.

41.      The first 3 sentences of Paragraph 41 contain statements to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 41 and, therefore, deny these allegations in their entirety.

42.      The first 4 sentences of Paragraph 42 contain statements to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 42 and, therefore, deny these allegations in their entirety.

43.      Paragraph 43 contains statements to which no response is required.

44.      Paragraph 44 contain statements to which no response is required.

45.     The first sentence of Paragraph 45 contains a statement to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 45 and, therefore, deny these allegations in their entirety.

46.     The first sentence of Paragraph 46 contains a statement to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 46 and, therefore, deny these allegations in their entirety.

47.     The first sentence of Paragraph 47 contains a statement to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 47 and, therefore, deny these allegations in their entirety.

48.     Paragraph 48 contains statements to which no response is required.

h.     Miller, David – Medical Officer

49.     Defendants admit Medical Officer David Miller provided a statement related to the events forming the basis of this lawsuit.

i.     Mobley, Jimmy – Sergeant

50.     Defendants admit Sergeant Jimmy Mobley provided a statement related to the events forming the basis of this lawsuit.

51.     The first 6 sentences of Paragraph 51 contain statements to which no response is required.  Defendants are without knowledge or information sufficient to form

a belief as to the truth of the remainder of the allegations as set forth in Paragraph 51 and, therefore, deny these allegations in their entirety.

52.     Paragraph 52 contain statements to which no response is required.

### j.     Ortiz, Fernando - Jailer

53.     Defendants admit Corrections Officer Fernando Ortiz provided a statement related to the events forming the basis of this lawsuit.

54.     Paragraph 54 contains statements to which no response is required.

55.     Paragraph 55 contains statements to which no response is required.

56.     Paragraph 56 contains statements to which no response is required.

57.     The first 3 sentences of Paragraph 57 contain statements to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations as set forth in Paragraph 57 and, therefore, deny these allegations in their entirety.

### k.     Parks, Peter – Detective

58.     Paragraph 58 contains statements to which no response is required.  To the extent a response is required, Defendants admit Detective Peter Parks provided a statement related to the events forming the basis of this lawsuit.

59.     Paragraph 59 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 59 and, therefore, deny these allegations in their entirety.

60.     Paragraph 60 contains statements to which no response is required.

61.     Paragraph 61 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 61 and, therefore, deny these allegations in their entirety.

62.     Paragraph 62 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 62 and, therefore, deny these allegations in their entirety.

63.     Paragraph 63 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 63 and, therefore, deny these allegations in their entirety.

64.     Defendants admit the Guardian tag for the cell in which Decedent was housed included 13:12:18, 13:19:59, and 13:46:30 prior to Decedent being found in his cell. Defendants deny the remainder of the allegations set forth in Paragraph 64.

l.     Pecorilla, Sara – Medical Officer

65.     Paragraph 65 contains statements to which no response is required.  To the extent a response is required, Defendants admit Medical Officer Sara Pecorilla provided a statement related to the events forming the basis of this lawsuit.  Defendants deny the remainder of the allegations set forth in Paragraph 65.

m.      Price, Alexander – Deputy

66.     Paragraph 66 contains statements to which no response is required.  To the extent a response is required, Defendants admit Deputy Alexander Price provided a statement related to the events forming the basis of this lawsuit.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 66.

n.  Rodriguez, Valerie – Jailer

67.     Paragraph 67 contains statements to which no response is required.  To the extent a response is required, Defendants admit Corrections Officer Valerie Rodriguez provided a statement related to the events forming the basis of this lawsuit.

68.     Paragraph 68 contains statements to which no response is required.

o.      Watson, Kevin – Medical Officer

69.     Paragraph 69 contains statements to which no response is required.  To the extent a response is required, Defendants admit Medical Officer Kevin Watson provided a statement related to the events forming the basis of this lawsuit.

4.      Death Reports

a.      Autopsy Report

70.     Paragraph 70 contains statements to which no response is required.  To the extent a response is required, Defendants admit the autopsy report indicates it was performed at Hill Country Forensics and indicates the cause of death was hanging and the manner of death was suicide.

b.  Custodial Death Report (Filed with Attorney General)

71.- 78.  Paragraphs 71-78 contain statements to which no response is required.  To the extent a response is required, Defendants admit it filed a Custodial Death Report with the Attorney General of Texas, which states the Decedent was arrested on April 9, 2021, and detained in the Williamson County Jail, and Decedent, upon information and belief, passed away on April 22, 2021.

c.   Inmate Death Report (Filed with Texas Commission on Jail Standards)

79.   Paragraph 79 contains statements to which no response is required. To the extent a response is required, Defendants admit that the Williamson County Sheriff's Office filed an Inmate Death Reporting Form with the Texas Commission on Jail Standards. Defendants admit that the Inmate Death Report Form indicates that Decedent was not on suicide watch at the time of his death. Defendants also admit that the Inmate Death Reporting Form indicates that there was no "video evidence available for the area where the death occurred[.]" Defendants admit that the Inmate Death Report Form identified "[m]ethamphetamine abuse, anxiety and an elbow bursitis" as known medical conditions of Decedent. Defendants further admit that the Inmate Death Report Form listed Sergeant Blake Bearden of the Round Rock Police Department as the Investigating Officer.

C.   Investigation by Texas Commission on Jail Standards

80.   Paragraph 80 contains statements and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 80.

81.     Paragraph 81 contains statements and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 81.

82.     Paragraph 82 contains statements and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 82.

83.     Paragraph 83 contains statements to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 83.

84.     Paragraph 84 contains statements to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 84.

85.     Paragraph 85 contains statements to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 85.

86.     Paragraph 86 contains statements to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86.

D.      Defendants' Knowledge and Education

1.      Jail Suicides are a Known, Widespread Problem

87.     Paragraph 87 contains statements to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     Paragraph 88 contains statements to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88.

2.      Fifth Circuit's Long-Held Constitutional Standard:
Continuous Observation and Monitoring

89.     Paragraph 89 contains statements to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

E.      Liability of the County

1.      Introduction

90.     Defendants deny the allegations in Paragraph 90 in their entirety.

91.     Defendants deny the allegations in Paragraph 91 in their entirety.

2.      Williamson County Policies, Practices, and Customs

92.     Defendants deny the allegations in Paragraph 92 in their entirety.

93.     Paragraph 93 contains statements to which no response is required.

94.     Defendants deny the allegations in Paragraph 94 as stated.

95.     Defendants deny the allegations in Paragraph 95 in their entirety.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96.

97.     Defendants deny the allegations set forth in Paragraph 97 in their entirety.

98.     Defendants deny the allegations set forth in Paragraph 98 in their entirety.

99.     Defendants deny the allegations set forth in Paragraph 99 in their entirety.

100.    Defendants deny the allegations set forth in Paragraph 100 in their entirety.

101.    Paragraph 101 contains statements to which no response is required.  To the extent a response is required, Defendants are currently without knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 101 and, therefore, deny the allegations in their entirety.

      3.      <u>TCJS Records Demonstrating County Practices and/or Customs</u>

102.-110.  Paragraphs 102–110 contain statements to which no response is required. To the extent a response is required, Defendants admit that the Williamson County Sheriff's Office received a notice letter dated August 25, 2020, indicating that the Williamson County Jail failed to comply with the minimum standards established under V.T.C.A. Local Government Code, Chapter 351 related to Inmate Recreation and Exercise (Minimum Standard 285.1 and 285.2). Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraphs 102–110 and, therefore, deny the allegations in their entirety.

      4.      <u>Other Deaths at the County Jail</u>

111.    Paragraph 111 contains statements to which no response is required.  To the extent a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 111 and, therefore, deny the allegations in their entirety.

112.    Paragraph 112 contains statements to which no response is required.  To the extent a response is required, Defendants admit Ray Steven Rose was arrested for Driving While Intoxicated and booked into the Williamson County jail on June 26, 2015, was placed in a holding cell alone to detox, and was found deceased with a telephone cable wrapped around his neck during a routine cell check.

113.    Paragraph 113 contains statements to which no response is required.  To the extent a response is required, Defendants admit Francisco Vasquez was arrested for Driving While Intoxicated and booked into the Williamson County jail on August 8, 2015, was placed in a holding cell alone to detox, was found hanging by his shirt from a metal partition for the toilet during a cell check, and was transported to the hospital where he was later pronounced deceased.

114.    Defendants admit Daniel McCoy was arrested for Assault and Aggravated Assault against a Public Servant and Assault Causing Bodily Injury Family Violence and booked into the Williamson County jail on October 9, 2017.  On April 17, 2018, McCoy was found unresponsive in his cell due to a medical emergency related to a cardiac event, was transported to the hospital and later pronounced deceased.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 114.

115.    Paragraph 115 contains statements to which no response is required.  To the extent a response is required, Defendants admit that Patrick Paul Dupre was arrested and booked in the Williamson County jail on May 6, 2019, for Arson, Burglary of Habitation, Tampering Physical Evidence with Intent to Impair, and Public Intoxication, was found hanging in his cell during a routine cell check with a bed sheet wrapped around his neck, was transported to a hospital, and was pronounced deceased on June 1, 2019.

### III.    CAUSES OF ACTION

A.    14th Amendment Due Process Claims Under 42 U.S.C. § 1983:
Objective Reasonableness Pursuant to *Kingsley v. Hendrickson*

116.    Paragraph 116 contains conclusions of law to which no response is required.

117.    Paragraph 117 contains conclusions of law to which no response is required.

118.    Paragraph 118 contains conclusions of law to which no response is required.

B.    Remedies for Violation of Constitutional Rights

119.    Defendants admit the first sentence of paragraph 119 accurately states a portion of 42 U.S.C. § 1983.   Defendants deny the remainder of the allegations in Paragraph 119.

C.    Cause of Action Against Individual Defendants Under 42 U.S.C. § 1983
for Violation of Constitutional Rights

120.    Defendants deny the allegations set forth in Paragraph 120 in their entirety.

121.    Defendants deny the allegations set forth in Paragraph 121 in their entirety.

122.    Defendants deny the allegations set forth in Paragraph 122 in their entirety.

123.    Defendants deny the allegations set forth in Paragraph 123 in their entirety.

124.    Defendants deny the allegations set forth in Paragraph 124 in their entirety.

125.    Paragraph 125 contains conclusions of law to which no response is required.

126.    Paragraph 126 contains conclusions of law to which no response is required.

For the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 126 and, therefore, deny these allegations in their entirety.

D.    Cause of Action Against the County Under 42 U.S.C. § 1983
for Violation of Constitutional Rights

127.    Defendants deny the allegations set forth in Paragraph 127 in their entirety.

128.    Defendants deny the allegations set forth in Paragraph 128 in their entirety.

129.    Paragraph 129 contains conclusions of law to which no response is required.

130.    Defendants deny the allegations set forth in Paragraph 130 in their entirety.

131.    Paragraph 131 contains conclusions of law to which no response is required.

132.    Paragraph 132 contains conclusions of law to which no response is required.

## IV.    CONCLUDING ALLEGATIONS AND PRAYER

### A.    Conditions Precedent

133.    Paragraph 133 contains conclusions of law to which no response is required.

### B.    Use of Documents at Trial or Pretrial Proceedings

134.    As to Paragraph 134, Defendants object to the notice in Plaintiffs' Original Complaint, as it does not identify the documents that Plaintiffs intend to use with sufficient particularity so sufficient objections can be made. Defendants specifically reserve the right to object to the introduction of any non-County document at a hearing or trial on the grounds of a lack of authenticity or any other basis provided by the Federal Rules of Evidence.

### C.    Jury Demand

135.    As to Paragraph 135, Defendants join in Plaintiffs' request for a jury trial and believe that right has been asserted and preserved.

D.     <u>Prayer</u>

136.     Defendants deny that Plaintiffs are entitled to any recovery from Defendants by way of this action, and specifically deny that Plaintiffs are entitled to the relief sought in Paragraph 136, including subparts.

**<u>DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>**

Without waiving the foregoing, Defendants assert the following specific denials, affirmative defenses, and/or non-affirmative defenses:

1.     Defendants deny that Decedent was deprived of any right, privilege, or immunity granted or secured by the Constitution or laws of the United States, including the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, or under any other statute, constitutional theory, or legal authority.

2.     Defendants deny that Plaintiffs are entitled to any relief whatsoever, whether under state or federal law, including and without limitation, compensatory damages, equitable relief, attorney's fees, expert fees, costs, or any other type of legal or equitable relief.

3.     Defendants assert their right to all applicable immunities, including and without limitation, governmental immunity.

4.     Defendants deny that Plaintiffs have adequately pled the claims or have stated a claim for which relief may be granted.

5.     Defendants would show that all acts or omissions that are the subject of this lawsuit were made in good faith, and were objectively reasonable, and deny that any

alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

6.      Defendants invoke all statutory and common law damage caps with respect to Plaintiffs' alleged damages.

7.      Defendants are entitled to all available credits and/or offsets provided by the Texas Civil Practice & Remedies Code and under Texas law and/or any other applicable law and/or statute.

8.      Defendants plead their entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by Texas Civil Practice & Remedies Code § 33.001 *et seq*. In accordance with this section, Defendants may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty (50) percent.  TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*

9.      If Decedent was injured and damaged as alleged, which is specifically denied, then any recovery Plaintiffs may have against Defendants for such injuries must be proportionately reduced in accordance with the fault of Plaintiffs, Decedent or of third persons or parties over whose conduct Defendants had no control, consistent with the principles of comparative fault in force in this jurisdiction.

10.      In the event Plaintiffs settle with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, Defendants plead its entitlement

to have such person designated as a settling person under Texas Civil Practice & Remedies Code § 33.003.

11.     In the event Plaintiffs file a non-suit or dismiss any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, Defendants plead their entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.

12.     Defendants state that the acts and damages alleged in Plaintiffs' Original Complaint, which damages are specifically denied, were the proximate result of acts and/or omissions of third parties, thereby barring recovery by Plaintiffs from Defendants.

13.     Defendants state that Plaintiffs herein suffered no damages as a result of Defendants' acts, if any.

Defendants reserve the right to amend this Answer and add additional defenses as discovery may warrant.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Defendants hereby request a trial by jury on all issues of fact.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Williamson County, Texas, Brandon W. McBay, Jimmy D. Mobley, and Sara E. Pecorilla respectfully pray Plaintiffs recover nothing of and from Defendants and that Defendants recover all costs.

Defendants further respectfully pray for such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

**GERMER BEAMAN & BROWN, PLLC**
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-9280 Facsimile

By: */s/ Evan W. Weltge*
Ben Zinnecker
State Bar No. 24066504
bzinnecker@germer-austin.com
Evan W. Weltge
State Bar No. 24110523
eweltge@germer-austin.com

**ATTORNEYS FOR DEFENDANTS**

4830833

26

**CERTIFICATE OF SERVICE**

I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system for the Western District of Texas on the 14th day of February, 2023.

T. Dean Malone
Attorney-in-Charge
dean@deanmalone.com
LAW OFFICES OF DEAN MALONE, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202

Of Counsel:
Michael T. O'Connor
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
kristen.homyk@deanmalone.com
Jennifer Kingaard
jennifer.kingaard@deanmalone.com
Jordan Shannon
jordan.shannon@deanmalone.com
Alexandra W. Payne
alexandra.payne@deanmalone.com
LAW OFFICES OF DEAN MALONE, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202

Timothy Raub
tim@raub.law
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas  78401

*/s/ Evan W. Weltge*
Evan W. Weltge